**Steven DANIELS, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–296T.**

United States Court of Federal Claims.

Jan. 23, 2004.

Steven Daniels, Duquesne, PA, plaintiff pro se.

Elizabeth D. Seward, Attorney of Record, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were Eileen J. O'Connor, Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section, and Steven I. Frahm, Assistant Chief, for defendant.

## ORDER AND OPINION *

SYPOLT, Judge.

Before the court is defendant's motion to dismiss the complaint for lack of jurisdiction, *see* United States Court of Federal Claims Rule (RCFC) 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted, *see* RCFC 12(b)(6).

Plaintiff, Steven Daniels, proceeding *pro se*, filed a complaint on February 11, 2003, seeking "a Tax Rebate based on being reduced to second class citizen, but billed first class citizenship taxes for over 60 years." The refund claim on Form 1040X, mailed on October 25, 2001, demanded a refund for tax year 1999 of $43,209, based on the alleged impact of slavery, under the Civil Rights Act of 1964, Pub.L.No. 88–352, 78 Stat. 241, codified at 42 U.S.C., *passim.* The claim was disallowed by the Internal Revenue Service (IRS) on March 1, 2002 because it was aware of no legal authority for the IRS to allow a credit based on the impact of slavery.

On appeal, the United States Tax Court, on June 28, 2002, dismissed Mr. Daniels' claim for lack of subject matter jurisdiction, because a notice of deficiency, the jurisdictional prerequisite for a suit in that court, never had been issued by the IRS.

■ Plaintiff's complaint is dismissed for lack of jurisdiction, because this court has no authority to hear, decide, or grant relief for complaints of alleged discrimination under the Civil Rights Act.

The Court of Federal Claims' jurisdiction is created entirely by statute. It may hear

---

* This order originally was filed unpublished on December 5, 2003. The order and opinion is now issued for publication with minor corrections not affecting the merits of the decision.

only the categories of claims described in the Tucker Act, 28 U.S.C. § 1491(a)(1), specifically, claims founded on the Constitution, a statute, regulation, contract, or a tax refund, and not sounding in tort. Non-monetary claims are not permitted. *See United States v. White Mountain Apache*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (citing *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)).

Plaintiff, however, has not referred to any authority under the tax laws for allowing a tax credit by reason of a violation of the Civil Rights Act. He has not even justified or explained the amount of the credit he requests.

Discrimination claims based on the Civil Rights Act of 1964 must be brought in the appropriate United States District Court, not in this court, because Congress has given the district courts original and exclusive jurisdiction to decide claims of discrimination under the Act. *See* 28 U.S.C. §§ 1343, 1983, 2000e–5(f).

The IRS' failure, if any, to issue a deficiency notice (or the notice of disallowance) within 90 days of receiving his refund claim, even if this may have violated agency guidelines, which plaintiff does not demonstrate, *see* IRS Publication 556 (Rev. July 2002), cannot create a cause of action to sue the IRS for a refund, and plaintiff has cited no basis for so holding. Nor can this supposed failure be used to estop the government from disagreeing with plaintiff's claims, as plaintiff appears to suggest. *See O.P.M. v. Richmond*, 496 U.S. 414, 434, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (Supreme Court "has never supported an assertion of estoppel against the Government by a claimant seeking federal funds").

For the foregoing reasons, the clerk shall dismiss the complaint for failure to state a claim within the jurisdiction of this court.